| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 13-05536 SJO                **DATE:** September 24, 2013

**TITLE:** In re EPD Investment Company LLC, et al.
         US Bankruptcy 2:10-bk-62208-ER, Adversary number: 2:12-ap-02424-ER
========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT AS TO ADVERSARY PROCEEDING** [Docket No. 1]; **DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL ARBITRATION** [Docket No. 3]

These matters are before the Court on Defendant John C. Kirkland's ("Defendant") Motion to Withdraw the Reference of the Adversary Proceeding from the Bankruptcy Court ("Motion to Withdraw" or "MTW") and Motion to Compel Arbitration and Stay Adversary Proceeding ("Motion to Compel") (collectively, "Motions"), both filed on July 31, 2013.[1] Plaintiff Jason M. Rund, Chapter 7 Trustee ("Plaintiff" or "Trustee") filed Oppositions to the Motions on August 23, 2013, to which Defendant filed Replies[2] on August 30, 2013. The Court found these matters suitable for disposition without oral argument and vacated the hearings set for September 13, 2013. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's Motions are **DENIED**.

I.    BACKGROUND

The Second Amended Complaint to Avoid and Recover Fraudulent Transfers ("SAC") filed in bankruptcy court against Defendant sets forth the following allegations.[3] (*See generally* Request

---

[1] Defendant Poshow Ann Kirkland did not join in the Motions.

[2] Defendant filed Replies that exceed five pages. The Court's Initial Standing Order mandates that "[n]o reply may exceed five pages." (Standing Order ¶ 19, ECF No. 5.) Because Defendants failed to comply with the Initial Standing Order, the Court declines to read Defendant's Replies after the fifth page.

[3] Plaintiff filed a Request for Judicial Notice on August 23, 2013, in support of its Opposition to the Motion to Withdraw. (ECF No. 18.) Defendant did not oppose Plaintiff's request. The Court concludes that the documents submitted by Plaintiff are matters of

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

CASE NO.: CV 13-05536 SJO                            DATE: September 24, 2013

for Judicial Notice in Supp. of MTW Ex. 1 ("SAC"), ECF No. 18.)  From 1970 to 2003, EPD Investment Co. ("EPD") operated as an unincorporated sole proprietorship run by Jerrold S. Pressman ("Pressman") (collectively with EPD, "Debtors").  (SAC ¶ 12.)  In 2003, EPD became a California limited liability company, and the sole proprietorship's assets and liabilities were transferred from Pressman to EPD.  (SAC ¶ 12.)  EPD operated as a Ponzi scheme, using funds from investors either to pay obligations due to other investors or to invest in other business entities partially owned and/or controlled by Pressman.  (SAC ¶ 24.)  Beginning in 2009, EPD became unable to pay its obligations to its creditors due to insufficient operating cash flow.  (SAC ¶ 25.)

Defendant, an attorney, served as outside counsel for Pressman, EPD, and the business entities partially owned and/or controlled by Pressman.  (SAC ¶ 28.)  In July 2009, although Defendant was aware of the alleged Ponzi scheme and the Debtors' insolvency, Defendant entered into a Funding Agreement wherein Defendant agreed to invest $100,000 in EPD "due to [EPD's] temporary cash flow constraints."  (SAC ¶ 30.c.)  In or around September 2009, Defendant assigned his interests in EPD to his family trust, the Bright Conscience Trust ("BC Trust").  (SAC ¶ 29.)

On December 7, 2010, an involuntary bankruptcy petition was filed against EPD.  (SAC ¶ 8.)  An order for relief was entered on February 9, 2011, and Plaintiff was appointed as Trustee to EPD's estate.  (SAC ¶ 8.)  On February 1, 2012, Pressman filed a voluntary Chapter 7 petition.  (SAC ¶ 9.)  The EPD bankruptcy estate and the Pressman bankruptcy estate were consolidated on June 4, 2012.  (SAC ¶ 10.)

On May 24, 2013, Plaintiff filed the SAC against Defendant, individually and as trustee of the BC Trust, seeking to avoid and recover, for the benefit of the estate, property transferred by Debtors to Defendant.  The SAC seeks (1) disallowance of BC Trust's proofs of claim pursuant to 11 U.S.C. § 510(c); (2) avoidance of fraudulent transfers made with actual intent pursuant to 11 U.S.C. § 544 and California Civil Code ("Civil Code") §§ 3439.04(a) and 3439.07; (3) avoidance of fraudulent transfers made with actual intent pursuant to 11 U.S.C. § 548(a)(1)(A); (4) avoidance of fraudulent transfers of constructive fraud pursuant to 11 U.S.C. § 544 and Civil Code §§ 3439.04(b), 3439.05, and 3439.07; (5) avoidance of fraudulent transfers of constructive fraud pursuant to 11 U.S.C. § 548(a)(1)(B); and (6) recovery of avoided transfers pursuant to various provisions of Title 11 and the Civil Code.  (*See generally* SAC.)

Defendant filed the instant Motions on July 31, 2013.  Defendant asserts that the bankruptcy court cannot hear this case because, inter alia, the SAC requires material consideration of non-bankruptcy federal law, the bankruptcy court lacks the authority to adjudicate the claims against Defendant, and withdrawal will promote judicial economy.

---

public record and proper subjects of judicial notice, and GRANTS Plaintiff's request.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   CV 13-05536 SJO                              DATE:   September 24, 2013

II.     DISCUSSION

     A.     Legal Standard for Withdrawal

Pursuant to 28 U.S.C. § 157(d), a district court has the authority to withdraw reference to the bankruptcy court. *See* 28 U.S.C. § 157(d). The provision provides for both permissive and mandatory withdrawal, depending on the circumstances of the action. *Id.* "The district court **may withdraw**, in whole or in part, any case or proceeding referred . . . on its own motion or on timely motion of any party, for cause shown." *Id.* (emphasis added). The district court **shall withdraw** if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* The party seeking withdrawal carries the "burden of persuasion." *FTC v. First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001) (citation omitted). It is within a district court's discretion to grant or deny a motion for permissive withdrawal of reference; that decision will not be disturbed unless the court abuses its discretion. *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990).

     B.     Mandatory Withdrawal

Defendant first argues that withdrawal of the reference to bankruptcy court is required in this case because resolution of these proceedings will require material consideration of non-bankruptcy federal law. (MTW 7-11.) Defendant claims that resolution of these proceedings will require material consideration of the Federal Arbitration Act, federal securities law, and the Internal Revenue Code. (MTW 8-11.)

As stated above, withdrawal is mandatory when "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Although the Ninth Circuit has not provided an exact standard for determining whether withdrawal is mandatory, *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 222 (D. Haw. 2006), the Ninth Circuit has approved in dicta the standard that "mandates withdrawal in cases requiring material consideration of non-bankruptcy federal law." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). The mandatory withdrawal provision has been interpreted to "require withdrawal to the district court of cases or issues that would otherwise require a bankruptcy court judge to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991) (citations omitted).

Defendant contends that "resolution of [Plaintiff's] pleading will require material consideration of the federal securities laws" because it alleges a "complex scheme to commit securities fraud" and other issues requiring material consideration of securities laws. (MTW 8-9.) He also asserts that "[s]ignificant tax law issues" will have to be resolved, including whether "representations concerning the tax benefits were true, whether the alleged conduct constitutes a Ponzi scheme

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 13-05536 SJO</u>     DATE: <u>September 24, 2013</u>

or illegal tax shelter, and whether the tax deductions were appropriate and the tax returns proper." (MTW 11.) The Court disagrees.

      1.    <u>Federal Securities Laws</u>

Defendant states that "[t]he gravamen of the [SAC] is an alleged complex scheme to commit securities fraud, duping investors into investing in various companies and other investment vehicles owned or controlled by one or both Debtors." (MTW 9.) Defendant opines that an analysis of these issues will require material consideration of securities laws because Defendant acted as outside counsel to Debtors in connection with these activities. (MTW 9.) However, nowhere in the SAC is Defendant himself accused of engaging in securities fraud, and Defendant fails to establish why the Court will have to engage in substantial and material consideration of securities laws in order to void the conveyances as fraudulent other than by stating that the Court will have to do so.

Defendant cites to *Picard v. Flinn Investments, LLC*, 463 B.R. 280, 284 (S.D.N.Y. 2011), for the proposition that resolution of the issues "requires 'significant interpretation' of the securities laws." 463 B.R. at 285. According to Defendant, "the Trustee cannot avoid transfers that, under applicable securities laws[,] were appropriate. (Reply to MTW 5, ECF No. 21.) Additionally, Defendant contends that "whether bankruptcy law applies depends on how a Court resolves numerous questions of securities law." (Reply to MTW 5 (internal quotation marks omitted).)

First, *Picard* does not stand for the general proposition that resolution of fraudulent transfer claims requires significant interpretation of securities laws. In fact, in *Picard*, the court declined to withdraw the reference for those claims where the simple application of non-bankruptcy law was required. 463 B.R. at 283-84. Second, Defendant completely mischaracterizes the holding in *Picard*. *Picard* does not state that a trustee cannot avoid transfers that were appropriate under securities laws; that language was taken from the argument defendants made in the case—not the court. 463 B.R. at 284 ("**[V]arious defendants argue** that the Trustee cannot avoid transfers that, under applicable securities laws, satisfied antecedent debts." (emphasis added)). *Picard* also does not state that whether **bankruptcy law** applies depends on the resolution of securities law questions; it states "[w]hether **§ 546(e)** applies depends on how a Court resolves numerous [securities law] questions."[4] *Picard*, 463 B.R. at 285 (emphasis added). Here, Defendant has not even attempted to establish that § 546(e) applies.

///

---

[4] Under 11 U.S.C. § 546(e), a "trustee may not avoid a transfer that is a margin payment . . . or settlement payment." 11 U.S.C. § 546(e).

      2.      Internal Revenue Code

Next, Defendant states that the SAC "**essentially** alleges that the Debtors engaged in offering illegal tax shelters, as one of the key ways to induce investors to invest, and that [Defendant] allegedly aided and abetted this wrongful behavior." (MTW 10 (emphasis added).) However, just as the SAC is void of any allegation that Defendant actually engaged in securities fraud, the SAC is also void of any allegation that Defendant **actually** aided and abetted in the offering of illegal tax shelters. (*See generally* SAC.) The only act of commission in the SAC Defendant cites to is located in Paragraph 30 wherein Plaintiff alleges Defendant acted as outside counsel to the Debtors.[5] (MTW 10.) As such, the Court finds that the claims alleged will not require significant interpretation of tax law.

All of Plaintiff's claims have been brought under Title 11 of the U.S. Bankruptcy Code, three of which also reference a California civil statute. (*See generally* SAC.) All of these claims arise out of allegations of fraudulent conveyances and seek to disallow, avoid, and recover these fraudulent transfers. Thus, all of the claims against Defendant only require consideration of the Bankruptcy Code and California Civil Code.

      3.      Federal Arbitration Act

Defendant also contends that reference to the bankruptcy court must be withdrawn because it is the district court that must determine Defendant's right to arbitrate. Defendant argues that because he has not filed a proof of claim in the bankruptcy proceeding, he has not subjected himself to the bankruptcy court's jurisdiction, and as such, the district court must determine arbitrability.[6] (MTW 8.) The Court finds Defendant's argument without merit.

Defendant cites to no authority in support of his position. Bankruptcy courts have the discretion to compel arbitration, as well as the discretion to decline to enforce an arbitration provision. *See In re Thorpe Insulation Co.*, 671 F.3d 1011, 1021 (9th Cir. 2012) ("[A] bankruptcy court has discretion to decline to enforce an otherwise applicable arbitration provision only if arbitration would conflict with the underlying purposes of the Bankruptcy Code.") (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987)); *In re American Freight System, Inc.*, 164 B.R. 341, 346-47 (D. Kan. 1994) (bankruptcy court has discretion to determine whether to enforce arbitration provision); *In re Chas. P. Young Co.*, 111 B.R. 410, 417 (Bankr. S.D.N.Y. 1990) ("[I]t is within the discretion of the bankruptcy court judge to decide whether or not to compel a debtor

---

[5] Although the original Complaint contained a claim for aiding and abetting breach of fiduciary duty, that claim has been deleted from the SAC. (Mot. to Compel Arbitration 6, ECF No. 3.)

[6] BC Trust has filed a total of four proofs of claim against Debtors. (SAC ¶ 39.) Defendant has filed none.

Case 2:13-cv-05536-SJO Document 24 Filed 09/24/13 Page 6 of 8 Page ID #:466

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 13-05536 SJO</u>                    DATE: <u>September 24, 2013</u>

to proceed with arbitration proceedings."). Therefore, the bankruptcy court may determine whether arbitration is appropriate in the instant case.

   4. <u>Constitutional Authority to Enter Final Judgment</u>

According to Defendant, the Court should immediately withdraw the reference because the bankruptcy court lacks jurisdiction to enter a final judgment in fraudulent conveyance claims against non-creditor defendants. (MTW 11.) The Ninth Circuit has held that "bankruptcy courts have statutory authority to hear and enter proposed findings of fact and conclusions of law in a fraudulent conveyance proceeding asserted by a bankruptcy trustee against a noncreditor, subject to de novo review by a federal district court." *In re Bellingham*, 702 F.3d at 566. "Such cases remain in the core, and the [28 U.S.C.] § 157(b)(1) power to 'hear and determine' them authorizes the bankruptcy courts to issue proposed findings of fact and conclusions of law." *Id.* at 565-66; *see also Field v. Wells Fargo Bank*, No. 12-510 SOM/BMK, 2012 WL 6651886 (D. Haw. Dec. 20, 2012) (finding no reason to withdraw the reference because the bankruptcy court retained power to hear the case).

Here, the Trustee seeks to avoid fraudulent conveyances between Debtors and Defendant. Even if Defendant has not filed a claim and has transferred all of his interests to BC Trust, he is considered a noncreditor under *Bellingham*. Thus, the case is properly before the bankruptcy court which can hear the case and enter proposed findings of fact and conclusions of law.

Accordingly, Defendant has not met his burden of proof as to why withdrawal of the reference in this case is mandatory.

  C. <u>Permissive Withdrawal</u>

Finally, Defendant argues that the Court should exercise its discretion to withdraw the reference for cause shown. (MTW 14.) "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008. "Permissive withdrawal is permitted only in a limited number of circumstances." *Hawaiian Airlines, Inc.*, 355 B.R. at 223 (citations omitted).

   1. <u>Judicial Economy</u>

Defendant argues that "there is no reason to incur the additional cost and delay imposed by the procedures where, as here, the bankruptcy court's decisions are subject to *de novo* review by this Court," and that "the unnecessary costs could be avoided by a single proceeding in the District Court." (MTW 15.) However, "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *accord In re*

Case 2:13-cv-05536-SJO Document 24 Filed 09/24/13 Page 7 of 8 Page ID #:467

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   CV 13-05536 SJO                                DATE:   September 24, 2013

*Molina*, 2010 WL 3516107, at *2 (N.D. Cal. Sept. 8, 2010); *In re Woldrich*, No. 10-1245, 2010 WL 3087487, at *1 (D. Ariz. Aug. 6, 2010). Having the bankruptcy court submit proposed findings of fact and conclusions of law in fraudulent conveyance cases "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *In re Healthcentral.com*, 504 F.3d 775, 787-88 (9th Cir. 2007).

Additionally, "any inefficiency created by the need for de novo review [i]s outweighed by other efficiencies gained in leaving the proceedings in bankruptcy court." *In re Roman Catholic Archbishop of Portland in Oregon*, No. Civ. 04-1836-HA, 2005 WL 196477, at *3 (D. Or. Jan. 28, 2005). Here, the case has been pending for over two and a half years and over one hundred adversary proceedings have been filed in this bankruptcy case, all of which are at various stages. (Opp'n to Mot. to Withdraw 15, ECF No. 17.) Accordingly, it is more efficient for the bankruptcy court to make decisions in the first instance even though these findings may be subject to de novo review. *See Oliner v. Kontrabecki*, No. C 06-03787 CRB, 2006 WL 3646789, at *4 (N.D. Cal. Dec. 12, 2006) (denying motion to withdraw adversary proceeding to district court, reasoning that it is more efficient for the bankruptcy court to decide the claims "in the first instance" even though the bankruptcy court's findings would be subject to de novo review because the bankruptcy judge is "intimately familiar" with the transactions involved in the claims). Any inefficiencies, including delays and costs, are outweighed by efficiencies gained in leaving the proceeding in bankruptcy court.

    2.    <u>Uniform Administration</u>

Defendant argues that withdrawal will not interfere with the uniformity of bankruptcy administration because the SAC presents claims that are independent of the bankruptcy proceeding. (MTW 14.) The Court also finds this argument without merit. The claims presented in the SAC seek to avoid and recover fraudulent transfers made "with the actual intent to delay, hinder or defraud Debtors' creditors." (SAC ¶¶ 19-20.) Additionally, the SAC alleges that payments were made

> without the Debtors receiving a reasonably equivalent value in exchange for such transfer; and (i) at a time when the Debtors were insolvent or as a result of which the Debtors became insolvent; or (ii), at a time that the Debtors were engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining was an unreasonably small capital; or (iii) at a time when the Debtors intended to incur, or believed or should reasonably have believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

(SAC ¶¶ 55, 58.) Therefore, these fraudulent conveyance claims arise under federal bankruptcy law and would not exist absent the bankruptcy proceeding. *See* 11 U.S.C. §§ 544 & 548.

    3.    <u>Forum Shopping</u>

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: CV 13-05536 SJO         DATE: September 24, 2013

As there is no evidence of forum shopping on the part of either party, this factor neither weighs in favor of withdrawal nor against it.

Given the Court's findings that the efficient use of judicial resources, delay and costs to the parties, and uniformity of bankruptcy administration weigh against withdrawal of reference of the adversary proceeding, the Court holds that Defendant has not met his burden to establish the propriety of withdrawing the reference in this case.  *See In re Heller Ehrman LLP*, 464 B.R. 348, 361 (N.D. Cal. 2011) (finding defendants failed to establish cause for withdrawal of the reference due to the bankruptcy judge's familiarity with the case, expertise on bankruptcy issues and fraudulent conveyance claims in particular, and the dictates of *Stern* as not meaningfully changing the division of labor in the statute).  Accordingly, the Court exercises its discretion to **DENY** Defendant's Motion to Withdraw and remands the case to bankruptcy court.

    D.    Motion to Compel Arbitration

Because this case is remanded to bankruptcy court, Defendant's Motion to Compel Arbitration is **DENIED AS MOOT**.

III.    RULING

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Withdraw the Reference. Defendant's Motion to Compel Arbitration is **DENIED AS MOOT**.  This case is hereby remanded to the bankruptcy court.